UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-24355-CIV-SCOLA/OTAZO-REYES

OSCAR OMAR GUZMAN SIERRA, )
DOMINGO JUNIOR DEL VILLAR and all )
others similarly situated under 29 U.S.C. )
216(b), )
 )
      Plaintiffs, )
vs. )
 )
WIND RESISTANT CONCRETE SYSTEM )
CORP. )
ONEVO, LLC )
SSCC GROUP, INC. )
JOSE L HENRIQUEZ )
RAUL HINOJOSA )
      Defendants. )
_____ )

**PLAINTIFFS MOTION TO AMEND COMPLAINT TO ADD NEW PARTY**

COMES NOW, the Plaintiff, by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure Rule 15 and Southern Local Rule 15.1and requests entry of an order granting the above- described motion ('Motion for Leave to Amend"), to add Carlos Binet Vasquez and in support thereof states as follows:

1. Plaintiffs instituted this action against defendants alleging FLSA violations related to overtime and unpaid wages.

2. Subsequent to the filing of this complaint, a former employee of defendants has come forth on May 8, 2015 to be added to this lawsuit.

3. This individual, named Carlos Binet Vasquez, would like to join the plaintiffs in their action against defendants by raising overtime and unpaid wages against the defendants. Mr. Vasquez is substantially and similarly situated to the named plaintiffs in this case.

4. That in the interest of judicial economy Carlos Binet Vazquez should be joined.

5. That this would be plaintiffs' first request for amendment to the complaint. Exhibit "A".

6. None of the parties have coordinated depositions thus far, and adding Mr. Vasquez will not cause delay to the current scheduling order.

7. Plaintiff has reached out to defendants' counsel in order to confer several times[1] prior to filing this motion pursuant Local Rule 7.1(a)(3). During one verbal conferral and the other verbal follow up, counsel had yet to secure confirmation from their clients as to their position.

## MEMORANDUM OF LAW

8. To participate in an FLSA class action, plaintiffs must be similarly situated, 19 U.S.C.A.§ 216(b). Amending the complaint is an appropriate method for adding similarly situated employees to an FLSA suit. *Hodgson v. Colononades, Inc*. 472 F.2d 42, 20 Wage & Hour Cas.(BNA) 1077, 70 Lab.Cas.(CCH) ¶32831(5th Cir. 1973); S*hivers v. Metropolitan Atlanta Rapid Transit Autority*, 27 Wage & Hour Cas. (BNA) 1401, 1986 WL 15379 (N.D. Ga. 1986). Here, Mr. Vasquez is substantially and similarly situated to other named plaintiffs in this matter.

---

[1] Two written and two verbal.

9. Rule 15(a)(2) of the Federal Rules of Civil Procedure, moreover, provides that the "court should freely give leave when justice so requires." Reasonable requests to amend should be viewed with favor by the Court. *See* Wright v. Miller, *Federal Practice and Procedure,* §1848, p. 417 and cases cited therein. Leave to amend should normally be granted unless the moving party is guilty of undue delay, bad faith, dilatory motive or the proposed amendment would be futile or cause undue prejudice to the opposing party. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

10. Under the law of the Eleventh Circuit, leave to amend should be freely granted when necessary in the interest of justice. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999); *Espy v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984)(recognizing "unless there is substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"). Here, the interests of justice will be served by allowing plaintiffs to file the amended complaint. Plaintiffs have not abused its privilege to amend, as this is the first time plaintiffs are seeking leave to amend.

11. Finally, the interests of judicial efficiency and judicial economy weigh strongly in favor of granting leave to amend. Suits brought §216(b) on behalf of similarly situated employees who have filed consents with the court facilitates the interests of judicial economy and avoidance of multiplicity of suits. *Shivers, supra,* at 6. (citations omitted). Here a separate action against defendants would be based upon the same facts and virtually identical legal theories. As such upon filing the separate action, and in accordance with Local Rule 3.8,

plaintiffs would identify it as a "related" to the instant case "in order to avoid unnecessary duplication of judicial effort." Congress intended that such suits would be brought to avoid needless multiplicity. *Id.* (citation omitted). A new action, therefore, on the same underlying facts properly would be referred to as "related" and potentially consolidated with this action in any event, further supports granting the plaintiff's motion. *See, On Glory Enters. Ltd, v. Fashion 88 Ltd.* 2004 WL 51382, at *1(S.D.N.Y. Mar. 16, 2004) (granting amendment where new claims "revolve around" the same facts as those at issue in the pending action, such that, even were the motion denied and a separate action filed, it would be "referred . . . as a related case and consolidated with this case anyway"); *see also* Fed. R. Civ. P. 42(a) for setting forth the factors to be considered for consolidation of civil cases.

## CONCLUSION

For the foregoing reasons, the Plaintiff's motion for leave to file their first amended complaint joining Carlos Binet Vasquez as a defendant should be granted.

WHEREFORE, Plaintiffs respectfully requests that this Court enter and Order granting them leave to file the Amended Complaint in the form attached hereto as Exhibit 1 and granting such other relief as deemed just and proper.

Dated: May 13, 2015
      Miami Beach, Florida.

Respectfully submitted,
__/s/Steven C. Fraser__
Steven C. Fraser, Esq.
Fla. Bar No. 625825
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Email: steven.fraser.esq@gmail.com

## **CERTIFICATE OF SERVICE:**

      I hereby certify that on May 15, 2015, I electronically filed the foregoing Reply to Defendants Response to Plaintiffs' Motion to Compel with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

        __/s/Steven C. Fraser__
        Steven C. Fraser, Esq.
        Fla. Bar No. 625825
        J.H. Zidell, P.A.
        Attorney for Plaintiff
        300 71st Street #605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865 – 7167
        Email: steven.fraser.esq@gmail.com

## SERVICE LIST

<u>Via cm/ECF</u>

Jonathan Saunders, Esq.
Anderson Law Group
Attorney for Defendants
13577 Feather Sound Drive, Suite 500
Clearwater, FL  33762
Tel: (727) 329-1999
Fax: (727) 329-1499