UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-24355-CIV-SCOLA/OTAZO-REYES

OSCAR OMAR GUZMAN SIERRA,　　　　)
DOMINGO JUNIOR DEL VILLAR,　　　　)
CARLOS BINET VASQUEZ and all others )
similarly situated under 29 U.S.C. 216(b),　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
WIND RESISTANT CONCRETE SYSTEM　)
CORP.　　　　　　　　　　　　　　　　　)
ONEVO, LLC　　　　　　　　　　　　　　)
SSCC GROUP, INC.　　　　　　　　　　　)
JOSE L HENRIQUEZ　　　　　　　　　　　)
RAUL HINOJOSA,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　　)
_____)

### AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS

Plaintiffs, OSCAR OMAR GUZMAN SIERRA and DOMINGO JUNIOR DEL VILLAR, and CARLOS BINET VAZQUEZ on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this AMENDED Complaint against Defendants, WIND RESISTANT CONCRETE SYSTEM CORP., ONEVO, LLC, SSCC GROUP, INC., JOSE L HENRIQUEZ, and RAUL HINOJOSA, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant WIND RESISTANT CONCRETE SYSTEM CORP. is a corporation that regularly transacts business within Miami-Dade County. Upon information and belief, the

**1** of **9**

Defendant Company was the joint FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant ONEVO, LLC is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Company was the joint FLSA employer for the relevant time period.

5. The Defendant SSCC GROUP, INC. is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Company was the joint FLSA employer for the relevant time period.

6. The individual Defendant JOSE L HENRIQUEZ is a corporate officer and/or owner and/or manager of all the Defendant Corporations who ran the day-to-day operations of all the Corporate Defendants for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

7. The individual Defendant RAUL HINOJOSA is a corporate officer and/or owner and/or manager of all the Defendant Corporations who ran the day-to-day operations of all the Corporate Defendants for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

8. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

9. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other

similarly situated employees like Plaintiffs who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

11. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

12. Plaintiff OSCAR OMAR GUZMAN SIERRA worked for Defendants as a warehouse production worker and project plan drafter from on or about October 1, 2009 through on or about September 4, 2014.

13. Plaintiff DOMINGO JUNIOR DEL VILLAR worked for Defendants as a warehouse production worker and project plan drafter from on or about January 14, 2013 through on or about October 1, 2013.

14. Plaintiff CARLOS BINET VASQUEZ worked for Defendants as a warehouse production worker and project plan drafter from on or about January 17, 2012 through on or about April 16, 2015.

15. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use

on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

16. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

17. Upon information and belief, all the Defendant Corporations had gross sales or business done in excess of $500,000 annually for the years 2010 through 2013.

18. Upon information and belief, all the Defendant Corporations' gross sales or business done exceeded $375,000 for the first nine months of the year 2014 and is expected to exceed $500,000 for the year 2014.

19. Upon information and belief, Defendants, WIND RESISTANT CONCRETE SYSTEM CORP., ONEVO, LLC, and SSCC GROUP, INC., are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control are being done for a common business purpose.

20. Upon information and belief, Defendants, WIND RESISTANT CONCRETE SYSTEM CORP., ONEVO, LLC, and SSCC GROUP, INC., were each Plaintiff's joint employer during Plaintiffs' employment with the Defendant Companies as the work performed by Plaintiffs simultaneously benefited all Defendant Companies who were responsible for controlling Plaintiffs' hours, determining Plaintiffs' pay and which were operated by the same company officers for a common business purpose.

21. Individual Defendant JOSE L HENRIQUEZ was Plaintiffs' individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

22. Individual Defendant RAUL HINOJOSA was Plaintiffs' individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

23. Between the period of on or about October 1, 2009 through on or about September 4, 2014, Plaintiff OSCAR OMAR GUZMAN SIERRA worked an average of 58.5 hours a week for Defendants and was paid an average of $14.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

24. Between the period of on or about January 14, 2013 through on or about October 1, 2013, Plaintiff DOMINGO JUNIOR DEL VILLAR worked an average of 58.5 hours a week for Defendants and was paid an average of $14.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

25. Between the period of on or about January 17, 2012 through on or about April 16, 2015, Plaintiff CARLOS BINET VASQUEZ worked an average of 58.5 hours a week for Defendants and was paid an average of $14.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

26. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required

by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COME NOW PLAINTIFFS, through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-24 above and further state:

27. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

28. Between on or about January 24, 2012 through on or about September 4, 2014, there were a total of approximately 16.75 weeks in which Plaintiff OSCAR OMAR GUZMAN SIERRA was not paid any wages at all. The lack of payment for said work is in violation of the Fair Labor Standards Act as said non-payment did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the applicable minimum

wage rate of $7.25/hr for all hours worked during those approximate 16.75 weeks.

29. Between on or about January 14, 2013 through on or about October 1, 2013, there were a total of approximately 6.25 weeks in which Plaintiff DOMINGO JUNIOR DEL VILLAR was not paid any wages at all. The lack of payment for said work is in violation of the Fair Labor Standards Act as said non-payment did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the applicable minimum wage rate of $7.25/hr for all hours worked during those approximate 6.25 weeks.

30. During the course of CAROLS BINET VASQUEZ employment, there were a total of approximately 6.25 weeks in which Plaintiff CARLOS BINET VASQUEZ was not paid any wages at all. The lack of payment for said work is in violation of the Fair Labor Standards Act as said non-payment did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the applicable minimum wage rate of $7.25/hr for all hours worked during those approximate 6.25 weeks.

31. The Defendants wage payment practices to Plaintiffs for this time period did not meet the federal minimum wage law requirements as Plaintiffs were not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

32. Defendants willfully and intentionally refused to pay Plaintiffs' minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, Plaintiffs request double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiffs' entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury*.

### COUNT III. CLAIM FOR UNPAID WAGES UNDER F.S. 448.08 AS AN ALTERNATIVE CLAIM TO PLAINTIFFS' MINIMUM WAGE COUNT

Come Now Plaintiffs**,** and re-adopt the factual and jurisdictional statements in paragraphs 1-29 above and further state the following alternative claim to Plaintiffs' minimum wage claim:

33. This Court has jurisdiction for Plaintiffs' unpaid wage claim under the Court's Supplemental Jurisdiction. 28 USC 1367.

34. This is a claim for unpaid wages pursuant to Fla. Stat. 448.08.

35. Between on or about January 24, 2012 through on or about September 4, 2014, there were a total of approximately 16.75 weeks in which Plaintiff OSCAR OMAR GUZMAN SIERRA was not paid any wages at all. Plaintiff's standard rate of pay was $14.00 per hour. Plaintiff therefore approximates that, at his standard rate of pay, he is owed $13,400 in unpaid wages during said period.

36. Between on or about January 14, 2013 through on or about October 1, 2013, there were a total of approximately 6.25 weeks in which Plaintiff DOMINGO JUNIOR DEL VILLAR was not paid any wages at all. Plaintiff's standard rate of pay was $14.00 per hour. Plaintiff therefore approximates that, at his standard rate of pay, he is owed $5,000 in unpaid wages

during said period.

37. During the period of his employment, there were a total of approximately 6.25 weeks in which Plaintiff CARLOS BINET VASQUEZ was not paid any wages at all. Plaintiff's standard rate of pay was $14.00 per hour. Plaintiff therefore approximates that, at his standard rate of pay, he is owed $9,600 in unpaid wages during said period.

38. Plaintiffs therefore bring a claim pursuant to Florida Statute 448.08 for $13,400 and $5,000, and $9,600.00 of work, respectively, for which Plaintiffs were not paid any wages.

39. To the extent that the unpaid wages claim and minimum wages claim are duplicative, Plaintiffs request the greater of the two.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to Florida Statute 448.08 as cited above, to be proven at the time of trial for all wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by Florida Statute 448.08 along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
   J.H. Zidell, Esq.
   Florida Bar Number: 0010121