UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-24355-CIV-SCOLA/OTAZO-REYES

OSCAR OMAR GUZMAN SIERRA,            )
DOMINGO JUNIOR DEL VILLAR and all    )
others similarly situated under 29 U.S.C. )
216(b),                              )
                                     )
            Plaintiffs,              )
      vs.                            )
                                     )
WIND RESISTANT CONCRETE SYSTEM       )
CORP., ET AL.                        )
            Defendants.              )
_____ )

### PLAINTIFFS' MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND INCORPORATED MEMORANDUM OF LAW

**COME NOW**, Plaintiffs, pursuant to S.D.L.R. 26.1 and Fed. R. Civ. P.26(b), 33, 34, 36, 37(a) by and through their undersigned counsel, and file the above Motion ("Motion to Compel") and state as follows in support thereof:

1.  On May 21, 2015, Plaintiffs propounded the SECOND Request for Production of Documents. Composite Exhibit "A", based upon a deposition Plaintiffs had with Raul Hinojosa taken on May 18, 2015.

2.  On June 25, 2015, Defendants Wind Resistant Concrete System Corp., Onevo LLC and SSCC Group, Inc. served their responses to the SECOND request for production of documents. Exhibit "B".

3.  With regards to Defendants responses to the request for production, Defendants object to request numbers 21, 22, 23, and 24. See Exhibit "B".

4. Many of the responses to all written discovery contain objections directly related to the Fair Labor Standards Act jurisdiction which is relative and germane to enterprise and individual coverage.

5. Defendants have not produced any documents responsive to the *second* request for production of documents.

## MEMORANDUM OF LAW

### I. Introduction

Plaintiffs move to compel further production, inspection and better responses from Defendants of discovery but which has not yet been produced or responded, including bank statements, invoices, telephone bills.  Much is lacking from the Defendants sparse initial production and an abundance of necessary material, both related to Plaintiffs burden and Defendants defenses are within the documents and information maintained by Defendants and its agents involved in this case.  This discovery is essential to Plaintiffs claims because better responses will demonstrate to the Court and to the Jury the Defendants must comply with certain statutes and regulations in its determination of workers.  Without better responses and documentation, it is clear that Plaintiffs would be unable to prove their claims.

### II. Elements

Plaintiffs must prove each of the following by a preponderance of the evidence: 1) the Defendants employed the Plaintiff during the time period involved; 2) Plaintiffs work was engaged in commerce or in the production of goods for commerce or Defendants business or businesses under unified operation or common control employed at least two persons and was engaged in commerce or the production of goods for commerce and had an annual gross sales of at least $500,000.00; see Martinez v. Palace, 414 F.App'x 243

(11th Cir. 2011); Martin v. Bedell, 955 F.2d 1029, 1032 (5th Cir. 1992); and 3) Defendant failed to pay the Plaintiffs the minimum wage and/or overtime pay required by law. See 29 U.S.C. §201 *et seq.* All of Plaintiffs requests are directly related to its claim and cause of action, particular response to its second request for production numbers 22, 23 and 24. Not only are the documents relevant for enterprise coverage, they are relevant for interstate commerce. Polycarpe v. E&S Landscaping Services, Inc., 616 F.3d 1217 (11th Cir. 2010). Therefore the Court should enter an order directing that better responses be forthcoming to its Second Request for Production of Documents.

### III. Defendants are Required to Produce Relevant Information and Material Which could Lead to Relevant Evidence in Its Possession

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including any matter, not privileged, that is relevant to the claim or defense of any party. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. Pro. 26(b)(1); In re: Form Motor Co., 45 1315, 1316 (11th Cir. 2003); Dean Witter Reynolds, Inc. v. Fernandez, 489 F. Supp. 434, 442 (S.D. Fla. 1979). It is well established that courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules. Graham v. Casey's Gen. Stores; Bell v. Swift, 283 F.2d 407, 409. (5th Cir. 1960) (the courts should give a "broad, liberal interpretation" to Rule 33); In re Theragenics Corp. Secs. Litigation, 205 F. R. D. 63`, 636-37 (N.D. Ga. 2002).

Accordingly, discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims or defenses of the parties or otherwise on the subject matter of the action. Dunkin Donuts, Inc.v. Mary's Donuts, Inc., 2001 WL 34079319 (S.D. Fla. Nov. 1, 2001) See

Pharmerica, Inc. v. Health Prime Inc. 2008 WL 779329 (N.D. Georgia March 19, 2008) (Congress has created liberal discovery rules and has tried to ensure both parties ability to obtain the information needed to resolve their dispute.)  See also Fed. R.Civ.P. 26(b)(1); Local Rule 26,1(g)(3)(A); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-52(1978). Here in the instant matter, all of Plaintiffs requests are directly related to its claim and cause of action.  Not only are the documents in 22, 26 and 24 relevant for enterprise coverage, they are relevant for interstate commerce.  Polycarpe v. E&S Landscaping Services, Inc., 616 F.3d 1217 (11th Cir. 2010).

In any type of FLSA wage and hour case, it would be difficult in imagine how a party or the Court could determine whether wage and hour law was violated if bank statements, invoices documents reflecting acquisition of good, material supplies and equipment used are not provided.  Plaintiffs furthermore are seeking information related to FLSA jurisdiction.  Therefore the Court should enter an order directing that better responses be forthcoming.

A. **The Production of Documents**

1. Defendants first assert the following objections to their signed Responses to Plaintiff's Second Requests for Production

> **Defendants object to this Request in that it is irrelevant, overly burdensome and is not calculated to lead to the discovery of admissible evidence.**

(Defendants Resp. Second Req. for Pro. ¶¶ 22, 23 and 24).  Defendants object to providing documents relative to contracts, invoices, statements, or documents reflecting the purchase or acquisition of any and all goods, materials, supplies merchandise, equipment used and or sold by Defendants.  As with the previous objection, an objection that a discovery request is irrelevant or not reasonably calculated to lead to admissible

evidence must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence. See also Fed. R.Civ.P. 26(b)(1); Local Rule 26.1(g)(3)(A); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-52 (1978). The documents are relevant for either individual or enterprise coverage and should be produced.

This information and documentation furthermore is relevant to Plaintiffs handling of goods in the regular course of defendants' business for the determination of them being engaged in the production of goods in commerce.

Plaintiffs need discovery as to the they are entitled to under the 29 CFR 778.109 which mandates hourly wages are to be determined by the total remuneration divided by hours worked since the defendants maintain no time records and otherwise have no documented consistent wage rate paid to Plaintiff. Plaintiff needs the requested documents in number 24, 25 and 26 directed to Defendants in its Second Request for Production of documentation. Under Anderson v. Mt .Clemons Pottery Co., 328 U.S. 680 (1946), where the employer, as here, has failed to keep accurate or adequate records, the law should not deny recovery on the ground that the employee, as here, is unable to prove the precise extent of uncompensated work. Id. at 688. Defendants have not produced any documents related to either individual or enterprise coverage.

Furthermore, it is not only relevant to the amount of time Plaintiffs worked - because there are no time records - but it's relevant to the hourly rate determined by the amount of overtime claims which are alleged in the complaint. Therefore, Defendants Wind Resistant Concrete System Corp.; Onevo, LLC and SSCC Group, Inc. should produce those documents in numbers 22, 23 and 24.

Here, the Court should overrule Defendants objection in 22, 23 and 24 and require Defendants to produce documents responsive thereto. The Court should find such the telephone bills, the invoices and bank statements discoverable information related to Plaintiffs' overtime claim and minimum wage claim. Defendants have testified in their depositions that they made out of state phone calls and that they purchased supplies from vendors. Therefore, they maintain records, however are not producing same. Plaintiff needs the requested documents in number 24, 25 and 26 directed to Defendants in its Second Request for Production of documentation.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court grant this Motion to Compel Better Responses to Plaintiff's SECOND Request for Production of Documents and Request for Interrogatories, compel Defendants to serve upon the undersigned better responses without objections to all of the aforementioned requests, and to produce all of the requested documents not thus far produced, if any exist and for any further relief deemed permitted under the law.

Respectfully submitted,

__/s/Steven C. Fraser__
Steven C. Fraser, Esq.
Fla. Bar No. 625825
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167
Email: steven.fraser.esq@gmail.com

## CERTIFICATE OF CONFERRAL

I hereby certify that I have attempted to confer and have conferred in good faith with counsel for Defendants in an effort to obtain better responses without court action but have been unable to do so. Defendants' counsel opposes said motion, "because it is obvious". Plaintiff is uncertain what he refers, however, it may be in response to the court's previously entered order at ECF 71 related to producing documents related to that previous order on the motion to show cause.

                                                      Respectfully submitted,

                                                      __/s/Steven C. Fraser__
                                                      Steven C. Fraser, Esq.
                                                      Fla. Bar No. 625825
                                                      J.H. Zidell, P.A.
                                                      Attorney for Plaintiff
                                                      300 71st Street #605
                                                      Miami Beach, Florida 33141
                                                      Tel: (305) 865-6766
                                                      Fax: (305) 865 – 7167
                                                      Email: steven.fraser.esq@gmail.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 29, 2015 I electronically filed Plaintiffs Motion to Compel Better Answers with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

          /s/Steven C. Fraser\
      Steven C. Fraser, Esq.\
      Fla. Bar No. 625825\
      J.H. Zidell, P.A.\
      Attorney for Plaintiff\
      300 71st Street #605\
      Miami Beach, Florida 33141\
      Tel: (305) 865-6766\
      Fax: (305) 865 – 7167\
      Email: steven.fraser.esq@gmail.com

## SERVICE LIST

Via cm/ECF\
John Anderson, Esquire\
Henry G. Gyden, Esquire\
John Saunders, Esquire\
Anderson Law Group\
13577 Feather Sound Drive, Suite 500\
Clearwater, Florida 33762