UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cv-24355-RNS

OSCAR OMAR GUZMAN SIERRA,
DOMINGO JUNIOR DEL VILLAR,
and all others similarly situation under
29 U.S.C. 216(b),

    Plaintiffs,

vs.

WIND RESISTANT CONCRETE
SYSTEM CORP., ONEVO, LLC,
SSCC GROUP, INC., JOSE L.
HENRIQUEZ, and RAUL
HINOJOSA,

    Defendants.
_____/

## MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS AND INCORPORATED MEMORANDUM OF LAW

COME NOW Daniel W. Anderson, Esquire, and the law firm of ANDERSON LAW GROUP, pursuant to Local Rule of the Southern District of Florida, and hereby file this Motion to Withdraw as counsel for Defendants, WIND RESISTANT CONCRETE SYSTEM CORP., ONEVO, LLC, SSCC GROUP, INC., JOSE L. HENRIQUEZ, and RAUL HINOJOSA, and state as follows:

1.    Irreconcilable differences have arisen between Defendants and their undersigned attorneys making it necessary and appropriate for the undersigned counsel to withdraw as counsel for Defendants.

2.    Rule 4-1.16(b)(3) and (4) of the Rules Regulating the Florida Bar permits an attorney to withdraw if:

      a.      the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; or

      b.      the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.

3. Defendants have substantially failed to fulfill an obligation to counsel for Defendants and have been given reasonable warning that the counsel will withdraw unless the obligation is fulfilled.

4. Counsel for Defendants is a small law firm and continuing to represent Defendants would result in an unreasonable financial burden on counsel for Defendants.

5. The representation of Defendants by the undersigned counsel has been rendered unreasonably difficult by the client.

6. For the foregoing reasons, the continued representation of Defendants by the undersigned presents an untenable situation and one which clearly permits the withdrawal of counsel for Defendants under Rule 4-1.16(b)(3) and (4) of the Rules Regulating the Florida Bar.

7. The failure of Defendants to contact the undersigned, constitutes grounds for termination of representation pursuant to Rule 4-1.16(b)(3).

8. All future pleadings, motions and correspondences can be sent to the Defendants at:

Jose Henriquez  
Raul Hinojosa  
Onevo, LLC  
Wind Resistant Concrete System Corp.  
SSCC Group, Inc.  
30 Madeira Ave., #2  
Coral Gables, FL  33134  
jlhenriquezmolina@gmail.com

engrhinojosa@gmail.com

## MEMORANDUM OF LAW

An attorney of record in a civil case has the right to terminate the attorney-client relationship and to withdraw as an attorney of record after giving proper notice to his client and receiving approval by the court. *Fisher v. State*, 248 So. 2d 479, 486 (Fla. 1971). "Approval by the court should be rarely withheld and then only upon a determination that to grant said request would interfere with the efficient and proper functioning of the court." *Id.* A trial judge should not "compel an attorney to continue in the representation of a party when he complies with rules for withdrawing or gives due notice to his client of his intention to withdraw, unless *unusual circumstances* exist which would interfere with the orderly processes of the Court." *Mekdeci v. Merrell Nat'l Laboratories, Div. of Richardson-Merrell, Inc.*, 711 F.2d 1510, 1522 (11th Cir. Fla. 1983)(*citing Fisher*, 248 So.2d at 484).

As the Third District Court of Appeal has noted: "[t]o compel an attorney in a civil case who has once appeared as counsel to remain in the case against his wishes, except in unusual circumstances, might well result in a violation of constitutional rights." *Chauvet v. Estate of Chauvet*, 599 So. 2d 740, 741 (Fla. 3d DCA 1992)( *citing Fisher*, 248 So.2d at 485). While it is true that the withdrawal of an attorney may have adverse consequences for the client, the possibility of such consequences is no basis upon which to deny a motion to withdraw. *Far Out Music, Inc. v. Jordan*, 502 So. 2d 523, 524 (Fla. 3d DCA 1987) (finding default properly entered where a motion to withdraw had been granted after giving proper notice to the client).

In the present case, counsel for Defendants has complied with the procedural prerequisites for withdrawing from this matter, and has shown good cause why the Motion to Withdraw should be

granted. Based on the foregoing, it would be an abuse of discretion for the Court to deny the undersigned the right to withdraw from the representation of Defendants in this case after giving Defendants an opportunity to secure substitute counsel. Accordingly, this Motion to Withdraw should be GRANTED after Defendants have been afforded an opportunity to respond and a reasonable time to secure substitute counsel.

WHEREFORE the undersigned respectfully requests that this Court enter an Order relieving Daniel W. Anderson, Esquire and the law firm ANDERSON LAW GROUP, of serving as counsel for the Defendants, WIND RESISTANT CONCRETE SYSTEM CORP., ONEVO, LLC, SSCC GROUP, INC., JOSE L. HENRIQUEZ, and RAUL HINOJOSA, and from any further responsibility in this action, and providing Defendants with a reasonable amount of time within which to retain substitute counsel.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1, the undersigned counsel has attempted in good faith to confer with counsel for Plaintiff regarding the subject matter of this Motion but, as of the time this Motion was filed, has not received a response from counsel for Plaintiff indicating whether or not Plaintiff opposes the Motion.

Dated this 21st day of July, 2015.

Respectfully submitted,

**ANDERSON LAW GROUP**

*/s/* Daniel W. Anderson
Daniel W. Anderson
Florida Bar No.: 490873
13577 Feather Sound Drive, Suite 500
Clearwater, FL 33762-5532
Telephone: (727) 329-1999
Facsimile: (727) 329-1499
Email: danderson@floridalawpartners.com
Email: eserve@floridalawpartners.com
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of July, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will provide electronic notice of such filing to the following counsel of record:

Steven C. Fraser, Esq.
J.H. Zidell, P.A.
300 – 71st St., Suite 605
Miami Beach, FL 33141
Steven.fraser.esq@gmail.com

And by regular U.S. Mail and Email to:

Jose Henriquez
Raul Hinojosa
Onevo, LLC
Wind Resistant Concrete System Corp.
SSCC Group, Inc.
30 Madeira Ave., #2
Coral Gables, FL 33134
jlhenriquezmolina@gmail.com
engrhinojosa@gmail.com

*/s/* Daniel W. Anderson
Daniel W. Anderson
Florida Bar No.: 490873