UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:14-cv-24355-RNS

OSCAR OMAR GUZMAN SIERRA,
DOMINGO JUNIOR DEL VILLAR,
and all others similarly situation under
29 U.S.C. 216(b),

       Plaintiffs,

vs.

WIND RESISTANT CONCRETE
SYSTEM CORP., ONEVO, LLC,
SSCC GROUP, INC., JOSE L.
HENRIQUEZ, and RAUL
HINOJOSA,

       Defendants.
_____/

## UNOPPOSED RENEWED MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS AND INCORPORATED MEMORANDUM OF LAW

COME NOW Daniel W. Anderson, Esquire, and the law firm of ANDERSON LAW GROUP, pursuant to Local Rule of the Southern District of Florida, and hereby file this Unopposed Renewed Motion to Withdraw as counsel for Defendants, WIND RESISTANT CONCRETE SYSTEM CORP., ONEVO, LLC, SSCC GROUP, INC., JOSE L. HENRIQUEZ, and RAUL HINOJOSA, and state as follows:

1.     Irreconcilable differences have arisen between Defendants and their undersigned attorneys making it necessary and appropriate for the undersigned counsel to withdraw as counsel for Defendants.

2.     Rule 4-1.16(b)(3) and (4) of the Rules Regulating the Florida Bar permits an attorney to withdraw if:

      a.      the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; or

      b.      the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.

3.      Defendants have substantially failed to fulfill an obligation to counsel for Defendants and have been given reasonable warning that the counsel will withdraw unless the obligation is fulfilled.

4.      Counsel for Defendants is a small law firm and continuing to represent Defendants would result in an unreasonable financial burden on counsel for Defendants.

5.      The representation of Defendants by the undersigned counsel has been rendered unreasonably difficult by the client.

6.      For the foregoing reasons, the continued representation of Defendants by the undersigned presents an untenable situation and one which clearly permits the withdrawal of counsel for Defendants under Rule 4-1.16(b)(3) and (4) of the Rules Regulating the Florida Bar.

7.      The failure of Defendants to contact the undersigned, constitutes grounds for termination of representation pursuant to Rule 4-1.16(b)(3).

8.      The undersigned previously filed a Motion to Withdraw on July 21, 2015. [DE 86].

9.      The Court entered an Order denying the Motion without prejudice on July 23, 2015, because the Court concluded that the undersigned had failed to comply with Local Rule 7.1(a)(3). [DE 89].

10.     Counsel for Defendants has subsequently been able to confer with counsel for Plaintiffs and has been advised that Plaintiffs do not oppose the withdrawal of counsel for Defendants.

11.     In its Order, the Court also concluded that the request to withdraw is problematic because a corporation may not litigate a matter *pro se.*

12.     The Court posed the following questions:

    a.     Should the matter be stayed for a reasonable time?

    b.     Do the Defendants have a new attorney ready to appear?

13.     With respect to the first question, the answer is yes, the matter should be stayed for a reasonable period of time to permit Defendants to retain substitute counsel.

14.     This matter is not scheduled to be tried until the December 28, 2015, trial term, and a stay of thirty (30) days will not impose an undue hardship or be unduly prejudicial to any party.

15.     With respect to the second question, Defendants do not presently have a new attorney ready to appear but the undersigned has been advised that Defendants are in the process of working to obtain substitute counsel.

16.     Regardless of whether substitute counsel appears, however, the withdrawal of counsel for Defendants should be granted because counsel should not be required to act as a surety for the legal representation of Defendants.

17.     As recited in the Memorandum of Law below, if a corporate defendant is provided notice of the withdrawal and an opportunity to retain substitute counsel, the Court may enter a default judgment against that defendant if substitute counsel fails to appear within the time prescribed by the Court.

18.     The corporate Defendants in this matter have been advised that the consequences of failing to retain substitute counsel may include the entry of a default judgment against those Defendants if substitute counsel does not file a Notice of Appearance on behalf of those Defendants within the time prescribed by the Court.

19.     Accordingly, it is unnecessary for the undersigned to be required to continue representing Defendants until substitute counsel appears because the two issues are wholly unrelated.

20.     Based on the foregoing, the undersigned requests that the Court grant its renewed motion and relieve the undersigned of any further obligation for representing Defendants in this matter.

21.     All future pleadings, motions and correspondences can be sent to the Defendants at:

Jose Henriquez
Raul Hinojosa
Onevo, LLC
Wind Resistant Concrete System Corp.
SSCC Group, Inc.
30 Madeira Ave., #2
Coral Gables, FL  33134
jlhenriquezmolina@gmail.com
engrhinojosa@gmail.com

## MEMORANDUM OF LAW

An attorney of record in a civil case has the right to terminate the attorney-client relationship and to withdraw as an attorney of record after giving proper notice to his client and receiving approval by the court. *Fisher v. State*, 248 So. 2d 479, 486 (Fla. 1971).     "Approval by the court should be rarely withheld and then only upon a determination that to grant said request would interfere with the efficient and proper functioning of the court." *Id.*  A trial judge should not "compel an attorney to continue in the representation of a party when he complies with rules for withdrawing

or gives due notice to his client of his intention to withdraw, unless *unusual circumstances* exist which would interfere with the orderly processes of the Court." *Mekdeci v. Merrell Nat'l Laboratories, Div. of Richardson-Merrell, Inc.*, 711 F.2d 1510, 1522 (11th Cir. Fla. 1983)(*citing Fisher*, 248 So.2d at 484).

As the Third District Court of Appeal has noted: "[t]o compel an attorney in a civil case who has once appeared as counsel to remain in the case against his wishes, except in unusual circumstances, might well result in a violation of constitutional rights." *Chauvet v. Estate of Chauvet*, 599 So. 2d 740, 741 (Fla. 3d DCA 1992)( *citing Fisher*, 248 So.2d at 485). While it is true that the withdrawal of an attorney may have adverse consequences for the client, the possibility of such consequences is no basis upon which to deny a motion to withdraw. *Far Out Music, Inc. v. Jordan*, 502 So. 2d 523, 524 (Fla. 3d DCA 1987) (finding default properly entered where a motion to withdraw had been granted after giving proper notice to the client). As the Eleventh Circuit has noted, "there is no constitutional or statutory right to effective assistance of counsel on a civil case" because "the sixth amendment standards for effective counsel in criminal cases do not apply in the civil context." *Mekdeci*, 711 F.2d at 1522-1523 (*quoting Watson v. Moss*, 619 F.2d 775 (8th Cir.1981) and *United States v. White*, 589 F.2d 1283 (5th Cir.1979).

In the present case, counsel for Defendants has complied with the procedural prerequisites for withdrawing from this matter, and has shown good cause why the Motion to Withdraw should be granted.  Based on the foregoing, it would be an abuse of discretion for the Court to deny the undersigned the right to withdraw from the representation of Defendants in this case after giving Defendants an opportunity to secure substitute counsel.  Accordingly, this Motion to Withdraw should be GRANTED after Defendants have been afforded an opportunity to respond and a

reasonable time to secure substitute counsel. Additionally, the case should be stayed during the period in which the Court has prescribed that any corporate defendant must retain substitute counsel.

WHEREFORE the undersigned respectfully requests that this Court enter an Order relieving Daniel W. Anderson, Esquire and the law firm ANDERSON LAW GROUP, of serving as counsel for the Defendants, WIND RESISTANT CONCRETE SYSTEM CORP., ONEVO, LLC, SSCC GROUP, INC., JOSE L. HENRIQUEZ, and RAUL HINOJOSA, and from any further responsibility in this action, and providing Defendants with a reasonable amount of time within which to retain substitute counsel.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1, the undersigned counsel conferred with counsel for Plaintiff regarding the subject matter of this Motion and has been advised that Plaintiffs do not object to the withdrawal of counsel for Defendants.

Dated this 27th day of July, 2015.

Respectfully submitted,

**ANDERSON LAW GROUP**

*/s/* Daniel W. Anderson
Daniel W. Anderson
Florida Bar No.: 490873
13577 Feather Sound Drive, Suite 500
Clearwater, FL 33762-5532
Telephone:  (727) 329-1999
Facsimile:  (727) 329-1499
Email:  danderson@floridalawpartners.com
Email:  eserve@floridalawpartners.com
Attorneys for Defendants

-6-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27th day of July, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will provide electronic notice of such filing to the following counsel of record:

Steven C. Fraser, Esq.
J.H. Zidell, P.A.
300 – 71st St., Suite 605
Miami Beach, FL  33141
Steven.fraser.esq@gmail.com

And by regular U.S. Mail and Email to:

Jose Henriquez
Raul Hinojosa
Onevo, LLC
Wind Resistant Concrete System Corp.
SSCC Group, Inc.
30 Madeira Ave., #2
Coral Gables, FL  33134
jlhenriquezmolina@gmail.com
engrhinojosa@gmail.com

*/s/* Daniel W. Anderson
Daniel W. Anderson
Florida Bar No.: 490873