UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-24355-CIV-SCOLA/OTAZO-REYES

OSCAR OMAR GUZMAN SIERRA,         )
DOMINGO JUNIOR DEL VILLAR,         )
CARLOS BINET VASQUEZ and all others )
similarly situated under 29 U.S.C. 216(b), )
                                   )
            Plaintiffs,            )
    vs.                            )
                                   )
WIND RESISTANT CONCRETE SYSTEM     )
CORP.                              )
ONEVO, LLC                         )
SSCC GROUP, INC.                   )
JOSE L HENRIQUEZ                   )
RAUL HINOJOSA,                     )
                                   )
            Defendants.            )
_____    )
                                   )

## JOINT PRE-TRIAL STIPULATIONS

**(1) Short Concise Statement of the Case by Each Party**

**A: Plaintiff:**

Plaintiffs bring these claim against all Defendants, jointly and severally, under the Fair Labor Standards Act, regarding alleged unpaid overtime under the FLSA, unpaid minimum wage under the FLSA, and/or in the alternative to unpaid minimum wage, unpaid wages under Florida Statutes, along with liquidated damages, fees and costs. Plaintiffs Sierra and Vasquez were warehouse production workers and draftsman for the Defendants, and Mr. Del Villar's duties included estimating construction projects and overseeing pre-project operations/warehouse production. All Plaintiffs allege unpaid overtime, minimum wages and/or in the alternative to minimum wages unpaid wages in place of minimum wages.

**B: Defendant:**

Plaintiffs performed work for the corporate Defendants as draftsman and were independent contractors who did not regularly work more than forty hours per week. Therefore, Defendants do not owe any monies to Plaintiff whatsoever.

**(2) Jurisdiction of The Court:**

The Court has jurisdiction pursuant to 28 U.S.C. § 1331, § 1343 & §1367. This case is brought pursuant to The Fair Labor Standards Act, found in 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) and Florida Statute §448.08.

**(3) Pleadings Raising the Issues**

A: Amended Complaint against all defendants D.E. 62

B: Defendants Answer and Affirmative Defenses to Amended Complaint D.E. 70

**(4) A List of All Undisposed of Motions or Other Matters Requiring Attention of the Court**

A: None

**(5) A Concise Statement of Uncontested Facts Which Will Require No Proof at Trial, with Reservations**

(A) Defendants do not factually contest that the Court has jurisdiction and that the FLSA applies to the corporate Defendants in this matter; therefore, no evidence will be needed regarding interstate commerce or the Defendants' gross annual income for the relevant periods alleged as to the Corporate Defendants. Corporate Defendants are covered enterprises for FLSA jurisdictional purposes.

**(6) Issues of Fact Which Require Proof at Trial**

**(a) For Plaintiff**

I:   Whether Plaintiffs were independent contractors.

If Plaintiffs were not independent contractors, then the number of hours the Plaintiffs worked each week.

II:   The amount of the Plaintiffs' Pay.

III:   Whether the Plaintiffs are owed overtime wages, if so, how much overtime wages are Plaintiffs owed from the Defendants.

IV:   Whether Plaintiffs are owed minimum wages and, if so, how much minimum in unpaid minimum wages Plaintiffs are owed from the Defendants.

V:   Whether the Plaintiffs are owed unpaid wages, if so, how much in unpaid wages are the Plaintiffs owed. If the unpaid wage claim is used as an alternative to the minimum wage claim.

VI:   If liability is established, whether the Defendants acted willfully or in reckless disregard of the provisions of the FLSA in not paying overtime wages to the Plaintiffs for any of the weeks they worked in excess of 40 hours weekly.

VII:   If liability is established, whether the Defendants acted willfully or in reckless disregard of the provisions of the FLSA and Florida Law in not paying minimum wages to Plaintiffs, for any of the weeks of Plaintiffs' employment

VIII:   If liability is established, whether Plaintiffs are entitled to liquidated damages and attorney's fees, to be determined by the Court post-trial.

IX:   Whether Defendant Jose L Henriquez ran the day-to-day operations of the corporate Defendants.

Whether Defendant Raul Hinojosa ran the day-to-day operations of the corporate Defendants.

**(b) For Defendants**

**(7) A Concise Statement of Law on Which the Parties Agree**

A: Defendants do not contest that the Court has jurisdiction and that the FLSA and Florida Constitution/Statutes apply in this matter; therefore no evidence will be needed regarding interstate commerce or the Defendants' gross annual income.[1][1]

B: The Parties stipulate that no reference to liquidated damages, fees or costs will be made at trial, as such would only be determined by the Court post-trial, and therefore the Jury should not hear about liquidated damages, fees or costs.

**(8) A Concise Statement of Issues of Law Which Remain for Determination by The Court**
**Plaintiff's Issues:**

A: Imposition of Liquidated Damages should Plaintiffs prevail at trial. To be determined post trial motion based on evidence at trial.

B: If Plaintiffs prevails at trial, the amount of attorney's fees and costs to be awarded Plaintiffs pursuant to 29 U.S.C. § 216(b)

C: Whether Defendants acted in good faith and whether to award liquidated damages, if Plaintiffs prevails at trial.

---

[1] Plaintiffs object to the contention that no evidence of annual income is necessary, as such evidence has not been ruled on in limine, and could prove relevant during the trial.

D: Whether The Court will exclude reference to allegations that the lawsuit was promoted or instigated by the Plaintiff's attorneys.

E: Whether The Court will allow reference as to how Plaintiffs found the Law Firm of J.H. Zidell P.A.

F: Any issues that may be presented at the directed verdict stage.

### For Defendants:

A: Whether Plaintiffs were independent contractors.

### (9) Each Party's List of Trial Exhibits and Objections

A: Plaintiffs' Trial Exhibit List is attached hereto as Exhibit "A."

B: Defendants' Trial Exhibit List is attached hereto as Composite Exhibit "B."

### (10) Each Party's List of Trial Witnesses

A: Plaintiff's Witness List is attached hereto as Exhibit "C"

B: Defendant's Witness List is attached hereto as Exhibit "D"

### (11) Estimated Length of Trial

The Parties estimate the case should take between three and four days to try.

### (12) Attorneys' Fees

Plaintiff estimates their fees through post-trial motions will be approximately $70,000 should they prevail at trial, through post-trial motions.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By:  /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

/s/Gary A. Costales, Esq.
GARY A. COSTALES, ESQ.
GARY A. COSTALES, P.A.
COUNSEL FOR DEFENDANTS
1200 BRICKELL AVE. SUITE 1440
MIAMI, FLORIDA 33131

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on October 13, 2016.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By:  /s/ Joshua Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028