UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-24355-CIV-OTAZO-REYES

[CONSENT CASE]

| | |
|---|---|
| OSCAR OMAR GUZMAN SIERRA, | ) |
| DOMINGO JUNIOR DEL VILLAR, | ) |
| CARLOS BINET VASQUEZ and all others | ) |
| similarly situated under 29 U.S.C. 216(b), | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) |
| | ) |
| WIND RESISTANT CONCRETE SYSTEM | ) |
| CORP., | ) |
| ONEVO, LLC, | ) |
| SSCC GROUP, INC., | ) |
| JOSE L HENRIQUEZ and | ) |
| RAUL HINOJOSA, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**PLAINTIFFS' MOTION FOR FINAL DEFAULT JUDGMENT PURSUANT TO 29 U.S.C 216(B) AS TO ALL DEFENDANTS, JOINTLY AND SEVERALLY, AND FOR ENLARGEMENT OF TIME TO FILE ONE MOTION REGARDING FEES AND COSTS INCLUDING FUTURE FEES REGARDING COLLECTION OF DEFAULT AT THE CONCLUSION OF COLLECTION**

COME NOW the Plaintiffs, OSCAR OMAR GUZMAN SIERRA, DOMINGO JUNIOR DEL VILLAR, and CARLOS BINET VASQUEZ, by and through the undersigned counsel, pursuant to the Federal Rules of Civil Procedure, 29 U.S.C. 216(b) and the Court's Order [DE144], Plaintiffs request entry of the above-described Final Default Judgment as to all Defendants, WIND RESISTANT CONCRETE SYSTEM CORP., ONEVO, LLC, SSCC GROUP, INC., JOSE L HENRIQUEZ and RAUL HINOJOSA, jointly and severally, and for enlargement of time to file one Motion regarding fees and costs to date along with future fees and costs at the conclusion of collection, and in support thereof state as follow:

1. On January 31, 2017, the Court entered an Order granting Defense counsel's Motion to Withdraw for all Defendants in this action and further directed Defendants to obtain new counsel and for counsel to enter an appearance within thirty (30) days of the Order. [DE140]. Defendants failed to comply with the Court's Order.

2. Thereafter, the Court granted Plaintiffs' Second Motion for Entry of Default [DE142] and directed Plaintiffs to submit a Motion for Default Judgment within thirty (30) days of said Order. [DE144].

3. As such, Plaintiffs now move for Final Default Judgment to be entered against Defendants, jointly and severally, seeking unpaid wages and liquidated damages in the total amount of **$149,099.00**, exclusive of attorneys' fees and costs and based on the higher of the two calculations**.**[1] *See, Robles, et all v. Acebo Roofing Corp., et al.,* Case No.: 16-21817-CIV-MORENO/O'SULLIVAN [DE51 and 54]. Plaintiffs hereby attach Plaintiffs' Affidavit reflecting total damages claimed, exclusive of attorneys' fees and costs.

4. Plaintiffs' calculation of damages, as set forth in the attached Affidavits, are based on the dates Plaintiffs worked for Defendants, the hours they worked for Defendants, and the average hourly rate of pay Plaintiffs were paid by Defendants, jointly and severally. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946); *See also* 29 CFR 516.2 (requiring very specific records to be kept by employer/Defendant).

---

[1] As per the attached Affidavits executed by Plaintiffs, Plaintiffs claim the following liquidated damages, exclusive of attorneys' fees and costs as follows:
Plaintiff OSCAR OMAR GUZMAN SIERRA - $49,385.04 or in the alternative $64,022.00;
Plaintiff DOMINGO JUNIOR DEL VILLAR - $13,922.14 or in the alternative $19,411.00; and
Plaintiff CARLOS BINET VASQUEZ $50,939.04 or in the alternative $65,576.00.
Plaintiffs are claiming the higher of the two calculations and in no way waive said right.

5. Plaintiffs also seek an award of attorneys' fees and costs in this matter pursuant to the FLSA. Plaintiffs respectfully request that this Court award damages at this time and enlarge time for Plaintiffs to file one fee and cost motion pursuant to Local Rule 7.3 but to have an enlargement through to the conclusion of collection which would benefit judicial economy so as not to piecemeal Plaintiffs' request for attorneys' fees and costs in this cause and so that Plaintiffs will need to only attach one breakdown of attorneys' fees and costs pursuant to the FLSA, which includes fees and costs associated with collection of the default. As such, Plaintiffs respectfully request that this Court enlarge time for Plaintiffs to file one fee and cost motion after the collection of the default judgment and to retain jurisdiction to entertain same so that one fee and cost motion can be filed for all fees and costs to date along with fees and costs associated with collections. Further, Plaintiffs' counsel should be entitled to collect reasonable attorneys' fees and costs in collection of the default judgment to be determined by this Court upon collection per the below-cited law.

6. Therefore, the Plaintiffs respectfully request entry of an Order of Final Default Judgment to be entered against Defendants, WIND RESISTANT CONCRETE SYSTEM CORP., ONEVO, LLC, SSCC GROUP, INC., JOSE L HENRIQUEZ, AND RAUL HINOJOSA, jointly and severally, in the amount of **$149,099.00**, exclusive of attorneys' fees and costs and based on the higher of the two calculations,[2] and for fees and costs, including future fees and costs in collection of the Default Judgment to be determined by this Court upon

---

[2] As per the attached Affidavits executed by Plaintiffs, Plaintiffs claim the following liquidated damages, exclusive of attorneys' fees and costs as follows:
Plaintiff OSCAR OMAR GUZMAN SIERRA - $49,385.04 or in the alternative $64,022.00;
Plaintiff DOMINGO JUNIOR DEL VILLAR - $13,922.14 or in the alternative $19,411.00; and
Plaintiff CARLOS BINET VASQUEZ $50,939.04 or in the alternative $65,576.00.
Plaintiffs are claiming the higher of the two calculations and in no way waive said right.

collection. Plaintiffs respectfully request that this Court enlarge time for Plaintiffs to file one fee and cost motion after the collection of the default judgment and to retain jurisdiction to entertain same so that one fee and cost motion can be filed for all fees and costs to date along with fees and costs associated with collections.

**MEMORANDUM OF LAW**

It is well-settled that the entry of a judgment by default is available to facilitate the exercise of the Court's inherent power to manage its affairs. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985) (citing *Flaksa v. Little River Marine Const. Co.*, 389 F.2d 885, 887 (5th Cir.1968)). Failure to obey a court's order constitutes sufficient grounds for a default judgment. *Bonanza Intern., Inc., v. Corceller* 480 F.2d 613, 614 (5th Cir. 1973). Additionally, Federal law requires that a corporation must be represented by counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385-86 (11th Cir. 1985); and *National Independent Theater Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609 (11th Cir. 1985). A corporate officer with operational control of a corporation is considered an employer along with the corporation, and is jointly and severally liable for unpaid wages. *See Gomes v. Nationwide Janitorial & Flooring Servs., Inc.*, No. 6:06-cv-929-Orl-31KRS, 2007 WL 737584, at *2 (M.D. Fla. Mar. 7, 2007) (citing *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986)).

As set forth above, on January 31, 2017, the Court entered an Order granting Defense counsel's Motion to Withdraw for all Defendants in this action and further directed Defendants to obtain new counsel and for counsel to enter an appearance within thirty (30) days of the Order. [DE140]. Defendants failed to comply with the Court's Order. The Corporate Defendants are prohibited by law defending this action without counsel. Thereafter, the Court granted Plaintiffs'

Second Motion for Entry of Default [DE142] and directed Plaintiffs to submit a Motion for Default Judgment within thirty (30) days of said Order. [DE144].

### **Entitlement to fees.**

A prevailing Plaintiff is a "party in whose favor judgment is rendered, *regardless of the amount of damages awarded* [emphasis added]." *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 US 598 (2001). In other words, to be a prevailing plaintiff, a plaintiff must establish that he or she is in a better legal position vis-à-vis the defendant than he/she was prior to the proceedings at issue. *Goss v. Killian Oaks House of Learning*, 248 F.Supp. 2d. 1162 (S.D. Fla. 2003). Moreover, Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees' should be allowed to the prevailing party" unless a statute, rule, or court order provides otherwise. *Id.* Taxable costs are determined pursuant to 28 U.S.C. § 1920. *See* L.R. 7.3(c); *Ferguson v. N. Broward Hosp. Dist.*, 2011 WL 3583754, at *2 (S.D. Fla. Aug. 15, 2011). There is a "strong presumption" that taxable costs be awarded to the prevailing party. *Mathews v. Crosby,* 480 F.3d 1265, 1276 (11th Cir. 2007); *see also Groves v. Royal Caribbean Cruises, Ltd.,* 2011 WL 817930, at * 1 (S.D. Fla. Mar. 2, 2011) ("[A] prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs."). As such, "when challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." *Ferguson*, 2011 WL 3583754, at *1 (citation omitted). 28 U.S.C. § 1920 allows for the recovery of the following costs:

> A judge or clerk of any court of the United States may tax as costs the following:
> **(1)**   Fees of the clerk and marshal;

> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title;
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Under 28 U.S.C. § 1920(1), a prevailing party may recover costs associated with service of summons and subpoenas, "provided that the process servers' rates do not exceed what it would cost to have the U.S. Marshal effectuate service." *Santana v. RCSH Operations, LLC,* 2012 WL 3779013, at *2 (S.D. Fla. Aug. 31, 2012). Section 1920(3), as limited by 28 U.S.C. § 1821(b)3 authorizes the taxation of costs related to witness appearance fees and subsistence costs. *See also Drury v. Pena,* 1997 WL 718831, at * 13 (M.D. Fla. Oct. 15, 1997). These expenses include expenses for transportation and parking. *Dillon v. Axxsys InteYr., Inc.* 2006 WL 3841809, at *8 (M.D. Fla. Dec. 19, 2006).

Herein, Plaintiffs move for Final Default Judgment under 29 U.S.C. 216(b) and per the Court's Order [DE144], regarding Defendants, jointly and severally, and attach their executed Affidavits which sets forth their damages, exclusive of attorneys' fees and costs. Plaintiffs are the prevailing parties in this case and entitled to recover reasonable attorneys' fees and costs from the Defendants, jointly and severally. 29 USC 216(b) makes the award of fees and costs to prevailing plaintiffs mandatory and Plaintiffs respectfully request to be awarded a full measure of the claimed fees and costs pursuant to 29 USC 216(b).

The Court has discretion to grant enlargements, although the Court takes into consideration whether the request will impact the trial calendar and the reasons. *See, Sosa v.*

*Airport Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Michael Grecco Photography, Inc. v. Everett Collection, Inc*., No. 07-CIV-8171, 2008 WL 4580024, *3-4 (S.D.N.Y. 10/14/08).

The request to submit one fee and cost motion pursuant to Local Rule 7.3 but to have an enlargement through to the conclusion of collection which would benefit judicial economy so as not to piecemeal Plaintiffs' request for attorneys' fees and costs in this cause and so that Plaintiffs will need to only attach one breakdown of attorneys' fees and costs pursuant to the FLSA, which includes fees and costs associated with collection of the default. As such, Plaintiffs respectfully request that this Court enlarge time for Plaintiffs to file one fee and cost motion after the collection of the default judgment and to retain jurisdiction to entertain same so that one fee and cost motion can be filed for all fees and costs to date along with fees and costs associated with collections.

**Entitlement to future fees in re: collection of default judgment.**

In *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009), this Court found that attorney's fees related to collection on a final default judgment was available in FLSA cases. Stating;

> [i]n *Doden v. Plainfield Fire Protection Dist.,* 108 F. 3d 1379 (7th Cir. 1997), suggests that attorney's fees for post-judgment work may be available in FLSA cases. In *Doden,* the district court denied the plaintiff's request for attorneys fees in collecting a judgment finding that the plaintiff's efforts were unnecessary because the defendant was willing, ready and able to pay the judgment. 2008 U.S. Dist. LEXIS 72327, [WL] at * 2. The district court's reasoning for denying the fee request suggests that the district court may have awarded the fees had the plaintiff's attorney's efforts been necessary. On appeal, the Seventh Circuit affirmed the district court's decision noting that the record supported the district court's finding that the plaintiff's engaged in unnecessary efforts relating to the judgment. "This is a clear, concise, and reasonable explanation of why attorneys' fees were not awarded for these motions, and thus, the district court did not

> abuse its discretion in the denial of fees." 2008 U.S. Dist. LEXIS 72327, [WL] at *5.

This court in the *DiFrancesco* decision further stated:

> The courts have awarded post-judgment collection fees in cases involving other federal statutes. In *Free v. Briody,* 793 F. 2d 807 (7th Cir. 1986), the Seventh Circuit affirmed an award of attorney's fees for efforts made to collect a judgment arising out of a lawsuit brought under the Employee Retirement Income Security Act ("ERISA"). In affirming the fee award the circuit court noted that "[n]othing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality." *Id.* at 808. The circuit court further noted that "the entry of the judgment is not the end of the litigation . . . . It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." *Id.* at 809.

Plaintiffs' attorneys will have to exert more time and effort in collection of the default judgment resulting from the underlying FLSA case and as a result should be awarded reasonable attorney's fees and costs pursuant to the Court's decision in *DiFrancesco*.

WHEREFORE THE PLAINTIFFS RESPECTFULLY REQUEST ENTRY OF AN ORDER OF FINAL DEFAULT JUDGMENT TO BE ENTERED AGAINST DEFENDANTS, WIND RESISTANT CONCRETE SYSTEM CORP., ONEVO, LLC, SSCC GROUP, INC., JOSE L HENRIQUEZ, AND RAUL HINOJOSA, JOINTLY AND SEVERALLY, IN THE AMOUNT OF **$149,099.00**, EXCLUSIVE OF ATTORNEYS' FEES AND COSTS AND BASED ON THE HIGHER OF THE TWO CALCULATIONS,[3] AND FOR FEES AND COSTS, INCLUDING FUTURE FEES AND COSTS IN COLLECTION OF THE DEFAULT

---

[3] As per the attached Affidavits executed by Plaintiffs, Plaintiffs claim the following liquidated damages, exclusive of attorneys' fees and costs as follows:
Plaintiff OSCAR OMAR GUZMAN SIERRA - $49,385.04 or in the alternative $64,022.00;
Plaintiff DOMINGO JUNIOR DEL VILLAR - $13,922.14 or in the alternative $19,411.00; and
Plaintiff CARLOS BINET VASQUEZ $50,939.04 or in the alternative $65,576.00.
Plaintiffs are claiming the higher of the two calculations and in no way waive said right.

JUDGMENT TO BE DETERMINED BY THIS COURT UPON COLLECTION. PLAINTIFFS RESPECTFULLY REQUEST THAT THIS COURT ENLARGE TIME FOR PLAINTIFFS TO FILE ONE FEE AND COST MOTION AFTER THE COLLECTION OF THE DEFAULT JUDGMENT AND TO RETAIN JURISDICTION TO ENTERTAIN SAME SO THAT ONE FEE AND COST MOTION CAN BE FILED FOR ALL FEES AND COSTS TO DATE ALONG WITH FEES AND COSTS ASSOCIATED WITH COLLECTIONS.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
     Rivkah F. Jaff, Esquire
     Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF AND US MAIL ON 4/7/17 TO:**

**ALL CM/ECF RECIPIENTS**

**RAUL HINOJOSA
30 MADEIRA AVE #2
CORAL GABLES, FL 33134**

**JOSE L. HENRIQUES
2550 NW 72ND AVE. SUITE 211
MIAMI, FL 33122**

**WIND RESISTANT CONCRETE SYSTEM CORP.
ONEVO, LLC,
SSCC GROUP, INC.**

**C/O REGISTERED AGENT: JOSE L HENRIQUEZ**
**2550 NW 72ND AVE. SUITE 211**
**MIAMI, FL 33122**

**BY:\_\_\_/s/\_\_\_Rivkah Jaff_____**
          **RIVKAH JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-24355-CIV-OTAZO-REYES

[CONSENT CASE]

OSCAR OMAR GUZMAN SIERRA,            )
DOMINGO JUNIOR DEL VILLAR,           )
CARLOS BINET VASQUEZ and all others  )
similarly situated under 29 U.S.C. 216(b), )
                                     )
           Plaintiffs,               )
   vs.                               )
                                     )
WIND RESISTANT CONCRETE SYSTEM       )
CORP.,                               )
ONEVO, LLC,                          )
SSCC GROUP, INC.,                    )
JOSE L HENRIQUEZ and                 )
RAUL HINOJOSA,                       )
                                     )
           Defendants.               )
_____)

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL DEFAULT JUDGMENT PURSUANT TO 29 U.S.C 216(B) AS TO ALL DEFENDANTS, JOINTLY AND SEVERALLY, AND FOR ENLARGEMENT OF TIME TO FILE ONE MOTION REGARDING FEES AND COSTS INCLUDING FUTURE FEES REGARDING COLLECTION OF DEFAULT AT THE CONCLUSION OF COLLECTION**

This cause, having come before the Court on Plaintiffs' above-described motion ("Motion for Final Default Judgment"), and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that said Motion for Final Default Judgment is granted and therefore:

It is hereby ordered and adjudged that:

1. Plaintiffs' Motion for Final Default Judgment Pursuant to 29 U.S.C. 216(b) as to all Defendants, Jointly and Severally, for Claim, Fees and Costs, Including Future Fees Regarding Collection of Default is **GRANTED.**

2. Judgment shall be entered in favor of Plaintiffs, OSCAR OMAR GUZMAN SIERRA, DOMINGO JUNIOR DEL VILLAR, and CARLOS BINET VASQUE, and against Defendants, WIND RESISTANT CONCRETE SYSTEM CORP., ONEVO, LLC, SSCC GROUP, INC., JOSE L HENRIQUEZ, and RAUL HINOJOSA, jointly and severally, in the amount of **$149,099.00**, exclusive of attorneys' fees and costs and based on the higher of the two calculations[4] as follows:

   - Plaintiff OSCAR OMAR GUZMAN SIERRA shall receive the total amount of damages of $64,022.00 exclusive of attorneys' fees and costs;
   - Plaintiff DOMINGO JUNIOR DEL VILLAR shall receive the total amount of damages of $19,411.00, exclusive of attorneys' fees and costs; and
   - Plaintiff CARLOS BINET VASQUEZ shall receive the total amount of damages of $65,576.00, exclusive of attorneys' fees and costs.

   This judgment shall bear interest in accordance with 29 U.S.C. § 1961.

3. Further, Plaintiffs' counsel, J.H. Zidell, P.A., shall be entitled to collect reasonable attorneys' fees and costs to date along with future reasonable attorneys' fees and costs upon collection of the final default to be filed in one motion at the conclusion of the collection and to be determined by this Court upon collection of the default judgment. Plaintiffs' counsel, J.H. Zidell, P.A., shall take fees and costs from Defendants, WIND RESISTANT CONCRETE SYSTEM CORP., ONEVO, LLC, SSCC GROUP, INC., JOSE L HENRIQUEZ, and RAUL HINOJOSA, jointly and severally, which

---

[4] As per the attached Affidavits executed by Plaintiffs, Plaintiffs claim the following liquidated damages, exclusive of attorneys' fees and costs as follows:
Plaintiff OSCAR OMAR GUZMAN SIERRA - $49,385.04 or in the alternative $64,022.00;
Plaintiff DOMINGO JUNIOR DEL VILLAR - $13,922.14 or in the alternative $19,411.00; and
Plaintiff CARLOS BINET VASQUEZ $50,939.04 or in the alternative $65,576.00.
Plaintiffs are claiming the higher of the two calculations and in no way waive said right.

sum shall be determined by the Court at the conclusion of collection and said sum shall bear interest at the legal rate from the date of this judgment onward and for which sum let execution shall issue. *See DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009). The Court shall retain jurisdiction to entertain said fees and cost motion which will include fees and costs to date along with fees and costs associated with collection of the default.

4. The Clerk of the Court is instructed to **CLOSE** the case. Any pending motions are **DENIED as moot**.

5. A final default judgment will be entered in favor of Plaintiffs and against Defendants, jointly and severally, in conformity with this Order.

6. The Court reserves jurisdiction to enter such other and further orders as deemed proper.

DONE AND ORDERED in Chambers, Miami, FL on this _____ day of _____, 2017.

_____
ALICIA OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies to:   Counsel of Record
             Defendants:

             RAUL HINOJOSA
             30 MADEIRA AVE #2
             CORAL GABLES, FL 33134

             JOSE L. HENRIQUES
             2550 NW 72ND AVE. SUITE 211
             MIAMI, FL 33122

             WIND RESISTANT CONCRETE SYSTEM CORP.
             ONEVO, LLC,
             SSCC GROUP, INC.

C/O REGISTERED AGENT: JOSE L HENRIQUEZ
2550 NW 72ND AVE. SUITE 211
MIAMI, FL 33122

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-24355-CIV-OTAZO-REYES

[CONSENT CASE]

| | |
|---|---|
| OSCAR OMAR GUZMAN SIERRA,<br>DOMINGO JUNIOR DEL VILLAR,<br>CARLOS BINET VASQUEZ and all others<br>similarly situated under 29 U.S.C. 216(b),<br><br>         Plaintiffs,<br>    vs.<br><br>WIND RESISTANT CONCRETE SYSTEM<br>CORP.,<br>ONEVO, LLC,<br>SSCC GROUP, INC.,<br>JOSE L HENRIQUEZ and<br>RAUL HINOJOSA,<br><br>         Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FINAL DEFAULT JUDGMENT PURSUANT TO 29 U.S.C 216(b) AS TO ALL DEFENDANTS, JOINTLY AND SEVERALLY**

Pursuant to 29 U.S.C. 216(b) it is hereby ordered and adjudged that the Plaintiffs, OSCAR OMAR GUZMAN SIERRA, DOMINGO JUNIOR DEL VILLAR, AND CARLOS BINET VASQUEZ, c/o the Client Trust Account of J.H. Zidell P.A., shall take the following total sums from Defendants, WIND RESISTANT CONCRETE SYSTEM CORP., ONEVO, LLC, SSCC GROUP, INC., JOSE L HENRIQUEZ, and RAUL HINOJOSA, jointly and severally, regarding damages for Plaintiff's unpaid overtime wage claims sounding under the FLSA, which sum shall bear interest at the legal rate from the date of this judgment onward and

for which sum let execution issue for in the amount of **$149,099.00**, exclusive of attorneys' fees and costs and based on the higher of the two calculations[5] as follows:

- Plaintiff OSCAR OMAR GUZMAN SIERRA shall receive the total amount of damages of $64,022.00 exclusive of attorneys' fees and costs;

- Plaintiff DOMINGO JUNIOR DEL VILLAR shall receive the total amount of damages of $19,411.00, exclusive of attorneys' fees and costs; and

- Plaintiff CARLOS BINET VASQUEZ shall receive the total amount of damages of $65,576.00, exclusive of attorneys' fees and costs.

This judgment shall bear interest in accordance with 29 U.S.C. § 1961.

Further, Plaintiffs' counsel, J.H. Zidell, P.A., shall be entitled to collect reasonable attorneys' fees and costs to date along with future reasonable attorneys' fees and costs upon collection of the final default to be filed in one motion at the conclusion of the collection and to be determined by this Court upon collection of the default judgment. Plaintiffs' counsel, J.H. Zidell, P.A., shall take fees and costs from Defendants, WIND RESISTANT CONCRETE SYSTEM CORP., ONEVO, LLC, SSCC GROUP, INC., JOSE L HENRIQUEZ, and RAUL HINOJOSA, jointly and severally, which sum shall be determined by the Court at the conclusion of collection and said sum shall bear interest at the legal rate from the date of this judgment onward and for which sum let execution shall issue. *See DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009). The Court shall retain

---

[5] As per the attached Affidavits executed by Plaintiffs, Plaintiffs claim the following liquidated damages, exclusive of attorneys' fees and costs as follows:
Plaintiff OSCAR OMAR GUZMAN SIERRA - $49,385.04 or in the alternative $64,022.00;
Plaintiff DOMINGO JUNIOR DEL VILLAR - $13,922.14 or in the alternative $19,411.00; and
Plaintiff CARLOS BINET VASQUEZ $50,939.04 or in the alternative $65,576.00.
Plaintiffs are claiming the higher of the two calculations and in no way waive said right.

jurisdiction to entertain said fees and cost motion which will include fees and costs to date along with fees and costs associated with collection of the default.

DONE AND ORDERED in Chambers, Miami, FL, on this _____ day of _____, 2017.

_____
ALICIA OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies to:   Counsel of Record
Defendants:

RAUL HINOJOSA
30 MADEIRA AVE #2
CORAL GABLES, FL 33134

JOSE L. HENRIQUES
2550 NW 72ND AVE. SUITE 211
MIAMI, FL 33122

WIND RESISTANT CONCRETE SYSTEM CORP.
ONEVO, LLC,
SSCC GROUP, INC.
C/O REGISTERED AGENT: JOSE L HENRIQUEZ
2550 NW 72ND AVE. SUITE 211
MIAMI, FL 33122